UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN FRANCO and ARACELY FERIA,<br><br>Plaintiffs,<br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>Defendants. | Case No. 2:09-cv-02280-MMD-GWF<br><br>ORDER |

**I.   SUMMARY**

Before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (dkt. no. 37) ("Motion").[1] For the reasons discussed below, the Motion is granted.

**II.  BACKGROUND**

The Amended Complaint is not a model of clarity. The Court gathers the following allegations based on a liberal reading of the Amended Complaint.

Plaintiffs Aracely Feria and Juan Franco obtained a loan with Countrywide Bank, N.A. to purchase real property located at 9979 Ridgehaven Avenue in Las Vegas, Nevada ("the Property") on August 23, 2006. (Dkt. no. 34 at 2; dkt. no. 37-1.) Plaintiffs owned the Property subject to a Note and Deed of Trust.[2] (*Id.*) Plaintiffs allege that

---

[1] Defendants bringing the motion to dismiss are Countrywide Home Loans, Inc., Bank of America, N.A. (for itself and as successor by merger to Countrywide Bank, N.A. fka Countrywide Bank, FSB, fka Countrywide Bank), and ReconTrust Company, N.A. ("Recontrust").

[2] The Deed of Trust lists Defendant Countrywide Home Loans, Inc. as the lender and Defendant Recontrust as the trustee. (Dkt. no. 37-1.)

Countywide Bank, N.A. is the original holder of the Note, but the current holder of the Note is unknown to them. (Dkt. no. 34 at 2-3.) Plaintiffs further allege that although Bank of America Home Loans is alleged to be the current servicing company for the Note, Defendants cannot identify the current holder of the Note and failed to provide the Note in response to Plaintiffs' request. (*Id.*)

On May 26, 2009, Recontrust recorded a Notice of Default and Election to Sell under Deed of Trust ("Notice of Default").[3] (Dkt. no. 37-2.) Plaintiffs allege that Defendants offered them a loan modification, which they timely accepted; but the foreclosure sale occurred on September 22, 2009, before the deadline for Plaintiffs to accept the modification. (Dkt. no. 34 at 4-5.) The Trustee's Deed Upon Sale ("Trustee's Deed") was recorded on October 22, 2009. (Dkt. no. 37-3.)

The Amended Complaint identifies the following entities: Countrywide Home Loans, Inc., Countrywide Bank, N.A., Bank of America, Bank of America, N.A., Bank of America Home Loans, and Recontrust.[4] (Dkt. no. 34 at 4.)  Plaintiffs assert eight claims for relief: (1) injunctive relief, (2) declaratory relief, (3) wrongful foreclosure, (4) breach of contract and the implied covenant of good faith and fair dealing, (5) deceptive or unfair trade practices, (6) fraud, (7) violations of NRS § 104, and (8) violations of NRS §§ 107.080 and 107.028.

///

///

///

---

[3] Plaintiffs allege that Bank of America issued the Notice of Default through Recontrust, but Bank of America never received an assignment of the Note. (Dkt. no. 34 at 4.)

[4] The initial Complaint identified as defendants Countrywide Home Loans, Inc. and Countrywide Bank, N.A.; it does not name any Bank of America entity. (Dkt. no. 1-2.)  The Amended Complaint does not specifically identify Bank of America and Bank of America, N.A. as defendants, but the allegations relating to the loan modification and foreclosure identify Defendants in general and Bank of America in particular. (Dkt. no. 34 at 5.) Plaintiffs assert the majority of their claims against Bank of America Home Loans. Defendants, however, contend in their Motion that Bank of America Home Loans is not a named defendant, which Plaintiffs do not dispute.

2

## III. DISCUSSION

### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at

570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

### B.   Analysis

Plaintiffs object to Defendants' submission of documents outside the pleadings. However, in considering a motion to dismiss, the Court "may take judicial notice of matters of public record" without converting a motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks omitted); *see Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (noting that the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). The Court thus takes judicial notice of the four publicly recorded documents submitted with Defendants' Motion and reply: Deed of Trust, Notice of Default, Trustee's Deed, and Deed of Trust on the Home Equity Line of Credit ("HELOC Deed of Trust"). (Dkt. nos. 37-1, 37-2, 37-3, 40-1.)

Plaintiffs premise their claims in part on allegations about a loan modification agreement with Bank of America. In particular, the Amended Complaint alleges that "[i]n August 2009, Defendants offered Plaintiffs a modification of their loan with the deadline to respond September 30, 2009." (Dkt. no. 34 at 4.) Plaintiffs allege that they accepted the modification and returned it on August 31, 2009. (*Id.*) In response to a previous motion to dismiss, Plaintiffs offered the "Modification Agreement" to argue that they had cured their default by agreeing to "modif[y] some of the terms of the original loan agreement." (Dkt. no. 8 at 3.) The Modification Agreement states that it was made on August 31, 2009, "for the purpose of modifying and supplementing certain terms of the Home Equity Line of Credit Agreement and Disclosure Statement ("HELOC Agreement") dated August 23, 2006." (Dkt. no. 8-2.) The Modification Agreement was between Plaintiffs and BAC Home Loans Servicing, LP. (*Id.*) Plaintiffs also offered a document they referred to as "Letter from Defendants" to show they were given until

September 30, 2009, to return the signed Modification Agreement.[5] (Dkt no. 8 at 3; dkt. no. 8-3.) The "Letter from Defendants" directed Plaintiffs to return the signed Modification Agreement to "Bank of America Home Loans" at the address provided for BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. (Dkt. no. 8-3.)

Defendants argue that the Court should not allow Plaintiffs to oppose dismissal based on vague allegations of modification of their loan that are contradicted by the records in this case. The Court agrees with Defendants. Although Plaintiffs are not required to submit the loan modification documents referenced in their Amended Complaint to oppose dismissal, the Court may consider evidence they already submitted in this case. In connection with their opposition to the previous motion to dismiss, Plaintiffs offered the Modification Agreement and "Letter from Defendants" to demonstrate that they cured their default by entering into the Modification Agreement. (Dkt. no. 8 at 3.) These documents are part of the records, but they do not support Plaintiffs' allegations. The Modification Agreement was made in connection with the HELOC Deed of Trust, not the Deed of Trust that was foreclosed upon. Based on this fact, the Court can draw a reasonable inference that claims premised on the loan modification are not facially plausible. *See Iqbal*, 556 U.S. at 679. The Court will therefore dismiss these claims, as discussed below.

As an initial matter, although Plaintiffs assert eight claims for relief, they fail to oppose dismissal of their fifth, seventh, and eighth claims. Plaintiffs are deemed to have consented to granting Defendants' Motion with respect to these three claims. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Next, Plaintiffs' fourth claim for breach of contract and the implied covenant of good faith and fair dealing is premised on the alleged loan modification agreement. This claim is not facially plausible. (*See* discussion *supra*.) Defendants further argue that the first two

---

[5]This letter does not reference any of the named defendants in this case other than Bank of America Home Loans, which Defendants contend is not a properly named defendant. (Dkt. no. 8-3.)

claims for injunctive and declaratory relief recite remedies, but do not state cognizable claims for relief. Plaintiffs concede that the declaratory relief claim is predicated on other causes of action and request leave to amend to "clearly state it is a remedy of the surviving cases of action." The Court agrees with Defendants that these two claims state the relief sought and are not proper causes of action. *See Trust v. JPMorgan Chase Bank. N.A.*, No. 2:13-CV-00966-RCJ, 2013 WL 6528467, at *4 (D. Nev. Dec. 11, 2013). Moreover, the declaratory relief claim seeks to unwind the foreclosure sale and return title to Plaintiffs, but this relief is not available because the foreclosure sale has occurred.

Plaintiffs' pleadings for the remaining two claims for wrongful foreclosure and fraud are also deficient. First, to succeed on a claim of wrongful foreclosure in Nevada under either statutory or common law theories, a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983); *Lane v. Wells Fargo Bank, N.A.*, No. 3:12-cv-00015-RCJ-VPC, 2012 WL 4792914, at *8 (D. Nev. Oct. 8, 2012). Plaintiffs must show they were not in default. *See, e.g., Elliott v. JPMorgan Chase Bank, N.A.*, No. 3:11-cv-826-RCJ-VPC, 2012 WL 1682039, at *4-5 (D. Nev. May 11, 2012) (dismissing wrongful foreclosure claim because plaintiff did not deny default). Defendants argue that Plaintiffs concede that they were in default. Plaintiffs do not dispute they were in default, but contend that they cured the default by modifying the loan. Again, to the extent this claim is based on the loan modification, it is not facially plausible. (*See* discussion *supra.*)

Second, Plaintiffs' fraud claim is based in part on allegations that Defendants would postpone the foreclosure sale while Plaintiffs reviewed the loan modification, and that Plaintiffs accepted the loan modification in reliance on Defendants' false

///

///

///

6

representation.[6] To the extent Plaintiffs' fraud claim is based on the loan modification, the claim fails as discussed above.

Furthermore, even setting aside allegations relating to the loan modification, Plaintiffs' claim is also deficient under Fed. R. Civ. P. 9(b), which requires parties to "state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (internal quotation marks and alterations omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* (internal quotations and alterations omitted).

Plaintiffs fail to meet Rule 9's particularity requirements. An obvious deficiency is Plaintiffs' lumping of all Defendants together. For example, Plaintiffs allege that Defendants offered the loan modification, but the Property was sold despite Plaintiffs' acceptance of the modification. If this was the sole deficiency, the Court would grant leave to amend. However, because the allegations of fraud are based on factual allegations about the loan modification that the Court finds facially implausible, amendment would be futile.

///

---

[6]Plaintiffs also allege that Bank of America Home Loans committed fraud by failing to inform them that the loan had been transferred or securitized, and by continuing to collect on the Note without authorization. (Dkt. no. 34 at 13.) In opposing dismissal, Plaintiffs fail to respond to Defendants' argument relating to these allegations. The Court will construe such failure to respond as Plaintiffs' consent that these allegations are insufficient to support the fraud claim. L.R. 7-2(d).

**IV.    CONCLUSION**

It is therefore ordered that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (dkt. no. 37) is granted. Dismissal is with prejudice.

The Clerk is directed to close this case.

DATED THIS 10th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE